TROUTMAN PEPPER LOCKE LLP
Chad Fuller (SBN 190830)
chad.fuller@troutman.com
Christine Nowland (SBN 318900)
christine.nowland@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:   858.509.6000
Facsimile:   858.509.6040

TROUTMAN PEPPER LOCKE LLP
Jessamyn E. Vedro (SBN 280209)
jessamyn.vedro@troutman.com
350 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone:   213.928.9800
Facsimile:   213.928.9850

Attorneys for Defendant
WILSHIRE LAW FIRM, P.L.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN individually and on behalf of all other similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>WILSHIRE LAW FIRM P.L.C.,<br><br>          Defendant. | Case No.  2:24-cv-08816-MRA-MAR<br><br>**DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

TROUTMAN PEPPER LOCKE LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130

Defendant Wilshire Law Firm, P.L.C. ("Wilshire") hereby answers the Complaint of Paul Ryan ("Plaintiff"). Wilshire's responses are made without waiving, and expressly reserving, all rights and defenses Wilshire has to some, or all, of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied, including any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

**ANSWER**: The allegations of Paragraph 1 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 1 are contrary to law, they are denied.

2.    This case involves a campaign by Wilshire to generate leads for its law firm using illegal prerecorded robocalls in alleged violation of the TCPA.

**ANSWER:** Wilshire denies the allegations of Paragraph 2.

3.    Because telemarketing campaigns generally place calls to thousands or even millions of potential customers en masse, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**ANSWER:** Wilshire denies that any person "received illegal telemarketing calls from or on behalf of" Wilshire. Wilshire lacks sufficient knowledge to form a

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 600
SAN DIEGO, CA 92130

1    belief as to the truth or falsity of the remaining allegations in Paragraph 3, and on that

2    basis denies the same.

3    ## II.    PARTIES

4       4.    Plaintiff is an individual.

5       **ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth

6    or falsity of the allegations in Paragraph 4, and on that basis denies the same.

7       5.    Defendant Wilshire Law Firm, P.L.C. is a California corporation located

8    in this District.

9       **ANSWER:** Wilshire admits the allegations in Paragraph 5.

10    ## III.    JURISDICTION AND VENUE

11       6.    Jurisdiction. This Court has federal-question subject matter jurisdiction

12    over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a

13    federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372

14    (2012).

15       **ANSWER:** The allegations of Paragraph 6 contain legal conclusions and/or

16    statements of law that do not require a response. To the extent the allegations in

17    Paragraph 6 are contrary to law, they are denied.

18       7.    Personal Jurisdiction: This Court has general personal jurisdiction over

19    Defendant Wilshire because it is headquartered and has its principal place of business

20    in this District.

21       **ANSWER:** Wilshire admits that it is headquartered and has its principal place

22    of business in this District. The remaining allegations in Paragraph 7 contain legal

23    conclusions and/or statements of law that do not require a response.

24       8.    Venue: Venue is proper in this District pursuant to 28 U.S.C. §

25    1391(b)(1) because Defendant is a resident of this District.

26       **ANSWER:** Wilshire admits that it is a resident of this District. The remaining

27    allegations in Paragraph 8 contain legal conclusions and/or statements of law that do

28    not require a response.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

# IV.    FACTS

## A.    The Enactment of the TCPA and its Regulations

9.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** The allegations of Paragraph 9 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 9 are contrary to law, they are denied.

10.    The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations of Paragraph 10 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 10 are contrary to law, they are denied.

11.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations of Paragraph 11 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 11 are contrary to law, they are denied.

12.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

1  automated or prerecorded telephone calls are a greater nuisance and invasion of

2  privacy than live solicitation calls, and such calls can be costly and inconvenient.

3      **ANSWER:** The allegations of Paragraph 12 contain legal conclusions and/or

4  statements of law that do not require a response. To the extent the allegations in

5  Paragraph 12 are contrary to law, they are denied.

6      13.    In 2013, the FCC required prior express written consent for all autodialed

7  or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential

8  lines. Specifically, it ordered that:

9      [A] consumer's written consent to receive telemarketing robocalls must
       be signed and be sufficient to show that the consumer: (1) received
10      "clear and conspicuous disclosure" of the consequences of providing
       the requested consent, i.e., that the consumer will receive future calls
11      that deliver prerecorded messages by or on behalf of a specific seller;
       and (2) having received this information, agrees unambiguously to
12      receive such calls at a telephone number the consumer designates.[] In
       addition, the written agreement must be obtained "without requiring,
13      directly or indirectly, that the agreement be executed as a condition of
14      purchasing any good or service.[]"

15  *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of*

16  *1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17      **ANSWER:** The allegations of Paragraph 13 contain legal conclusions and/or

18  statements of law that do not require a response. To the extent the allegations in

19  Paragraph 13 are contrary to law, they are denied.

20  **B.    Defendant's Unsolicited Pre-Recorded Telemarketing to Plaintiff**

21      14.    Plaintiff is, and at all times mentioned herein was, a "person" as defined

22  by 47 U.S.C. § 153(39).

23      **ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth

24  or falsity of the allegations in Paragraph 14, and on that basis denies the same.

25      15.    Plaintiff's cellular telephone number is (516) XXX-XXXX.

26      **ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth

27  or falsity of the allegations in Paragraph 15, and on that basis denies the same.

28

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

16. Mr. Ryan never provided his prior express written consent to receive calls from Defendant Wilshire.

**ANSWER:** Wilshire denies the allegations of Paragraph 16.

17. Despite this, Defendant Wilshire, as part of a telemarketing campaign, sent Plaintiff approximately 100 pre-recorded telemarketing calls from multiple unique caller IDs all transmitting the name "Wilshire Law" between May 2024 and present.

**ANSWER:** Wilshire admits it contacted Plaintiff in 2024 in response to Plaintiff's written inquiry to Wilshire to receive telephone calls. Plaintiff lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and on that basis denies the same.

18. In fact, Mr. Ryan called Defendant Wilshire in July of 2024 to request that the calls stop, but the calls continued.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis denies the same.

19. The calls came from multiple caller IDs, close to 70 in all, including 951-366-4863, 775-255-1849, 424-460-5860, and 209-734-9933.

**ANSWER:** Wilshire admits it contacted Plaintiff in 2024 in response to Plaintiff's written inquiry to Wilshire to receive telephone calls. Plaintiff lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that basis denies the same.

20. The pre-recorded telemarketing calls all played an identical prerecorded message, or a variation thereof, as follows:

> Hi! This is Matt from Wilshire Law Firm. I wanted to make sure to follow up with you. We have the details of your case and we want to let you know that our firm is here to help you get the maximum compensation you deserve. Your legal options are very time-sensitive, so it's important that you get in touch with us right away. Please give us a call as soon as you can. Thank you.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

1    **ANSWER:** Wilshire admits it contacted Plaintiff in 2024 in response to

2  Plaintiff's written inquiry to Wilshire. Plaintiff lacks sufficient knowledge to form a

3  belief as to the truth or falsity of the remaining allegations in Paragraph 20, and on

4  that basis denies the same.

5    21.    This message was voiced in the same voice and played the same exact

6  scripted message.

7    **ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth

8  or falsity of the allegations in Paragraph 21, and on that basis denies the same.

9    22.    When the phone numbers are called back, they ring back to agents of

10 Defendant.

11   **ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth

12 or falsity of the allegations in Paragraph 22, and on that basis denies the same.

13   23.    Plaintiff's privacy has been violated by the above-described

14 telemarketing calls.

15   **ANSWER:** Wilshire denies the allegations of Paragraph 23.

16   24.    Plaintiff never provided his consent or requested the calls.

17   **ANSWER:** Wilshire denies the allegations of Paragraph 24.

18   25.    The calls were all unwanted, nonconsensual encounters.

19   **ANSWER:** Wilshire denies the allegations of Paragraph 25.

20   26.    Plaintiff and all members of the Class, defined below, have been harmed

21 by the acts of Defendant because their privacy has been violated and they were

22 annoyed and harassed. In addition, the calls occupied their telephone lines, storage

23 space, and bandwidth, rendering them unavailable for legitimate communication,

24 including while driving, working, and performing other critical tasks.

25   **ANSWER:** Wilshire denies the allegation that Plaintiff or any member of a

26 purported "Class" was harmed by Wilshire's alleged actions. Wilshire lacks sufficient

27 knowledge to form a belief as to the truth or falsity of the remaining allegations in

28 Paragraph 26, and on that basis denies the same.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

# V.   CLASS ACTION ALLEGATIONS

27.   <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of the Class (the "Class") defined as follows:

> **<u>Robocall Class</u>**: All persons within the United States: (1) to whose cellular telephone number (2) Wilshire (or an agent acting on behalf of Wilshire) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

**ANSWER:** The allegations of Paragraph 27 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and on that basis denies the same.

28.   Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and on that basis denies the same**.**

29.   The Class, as defined above, is identifiable through telephone records and telephone number databases.

**ANSWER:** Wilshire denies the allegations of Paragraph 29.

30.   The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

**ANSWER:** Wilshire denies the allegations of Paragraph 30.

31.   Individual joinder of these persons is impracticable.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

1    or falsity of the remaining allegations in Paragraph 31, and on that basis denies the

2    same.

3        32.    Additionally, the disposition of the claims in a class action will provide

4    substantial benefit to the parties and the Court in avoiding a multiplicity of identical

5    suits.

6        **ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by

7    Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth

8    or falsity of the remaining allegations in Paragraph 32, and on that basis denies the

9    same.

10        33.    Plaintiff is a member of the Class and will fairly and adequately represent

11    and protect the interests of the Class as he has no interests that conflict with any of

12    the class members.

13        **ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by

14    Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth

15    or falsity of the remaining allegations in Paragraph 33, and on that basis denies the

16    same.

17        34.    Plaintiff and all members of the Class have been harmed by the acts of

18    Defendant, including, but not limited to, the invasion of their privacy, annoyance,

19    waste of time, and the intrusion on their telephone that occupied it from receiving

20    legitimate communications.

21        **ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by

22    Wilshire's actions. Wilshire denies the remaining allegations in Paragraph 34.

23        35.    This class action complaint seeks injunctive relief and money damages.

24        **ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by

25    Wilshire's actions. Wilshire denies that Plaintiff or members of a putative Class are

26    entitled to the relief requested in Paragraph 35, or any relief whatsoever.

27

28

TROUTMAN PEPPER LOCKE LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

36.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.     whether Defendant, acting either directly or vicariously, systematically made pre-recorded telemarketing calls;

b.     whether Defendant Wilshire is vicariously liable for any calls placed by telemarketing vendors, if any;

c.     whether Defendant, acting either directly or vicariously, made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

d.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** The allegations of Paragraph 36 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36, and on that basis denies the same**.**

37.     Plaintiff's claims are typical of the claims of the Class.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and on that basis denies the same.

38.     Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38, and on that basis denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

39.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** The allegations of Paragraph 39 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and on that basis denies the same.

40.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**ANSWER:** The allegations of Paragraph 40 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40, and on that basis denies the same.

41.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with

1  respect to the Class appropriate on a class-wide basis. Moreover, on information and

2  belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or

3  its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that

4  are complained of herein are substantially likely to continue in the future if an

5  injunction is not entered.

6      **ANSWER:** The allegations of Paragraph 41 contain legal conclusions and/or

7  statements of law that do not require a response. Wilshire denies the existence of a

8  "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge

9  to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41,

10 and on that basis denies the same.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act
Violations of 47 U.S.C. § 227(b)(3)
(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

14      42.    Plaintiff repeats the prior allegations of this Complaint and incorporates

15 them by reference herein.

16      **ANSWER:** Wilshire incorporates its responses to the preceding paragraphs of

17 this Answer as though set forth fully herein.

18      43.    The foregoing acts and omissions of the Defendant, and/or its affiliates,

19 agents, and/or other persons or entities acting on Defendant's behalf constitute

20 numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls,

21 except for emergency purposes, to the cellular telephone numbers of Plaintiffs and

22 members of the Class delivering pre-recorded messages.

23      **ANSWER:** To the extent Paragraph 43 consists of legal conclusions and/or

24 statements of law, these do not require a response. The remainder of Paragraph 43 is

25 denied.

26      44.    As a result of Defendant's and/or their affiliates, agents, and/or other

27 persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C.

28 § 227, Plaintiff and members of the Class presumptively are entitled to an award of

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

$500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 44, or any relief whatsoever.

45.    If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 45, or any relief whatsoever.

46.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 46, or any relief whatsoever.

## <u>WILSHIRE'S AFFIRMATIVE AND OTHER DEFENSES</u>

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's Complaint, Wilshire alleges the following separate Affirmative and Other Defenses based on information and belief.  Wilshire reserves the right to amend its Answer to add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

## <u>FIRST DEFENSE</u>
## FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim against Wilshire upon which relief can be granted.

## <u>SECOND DEFENSE</u>
## STATUTE OF LIMITATIONS

TROUTMAN PEPPER LOCKE LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

## THIRD DEFENSE

## PLAINTIFF'S RESPONSIBILITY

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any compensable damages, Plaintiff's own actions and/or omissions and/or failure to mitigate caused, contributed, or resulted in the damages of which Plaintiff complains. Recovery against Wilshire, if any, must be reduced or precluded because of Plaintiff's own actions.

## FOURTH DEFENSE

## ACQUIESCENCE - CONSENT

Plaintiff's claims are barred because Plaintiff, and each member of the putative class, acquiesced or consented to the conduct about which they now complain.

## FIFTH DEFENSE

## LACK OF STANDING

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to state the claims alleged in the Complaint and/or to assert the legal rights or interests of others.

## SIXTH DEFENSE

## NON-CERTIFIABLE CLASS

The Complaint, and each purported cause of action alleged therein, does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

## SEVENTH DEFENSE

## INADEQUACY OF CLASS REPRESENTATIVE

Plaintiff is not a proper representative of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN PEPPER LOCKE LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130

## EIGHTH DEFENSE

## PUTATIVE MEMBERS NOT SIMILARLY SITUATED

Plaintiff cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

## NINTH DEFENSE

## OTHERS RESPONSIBLE

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any compensable damages, those damages were proximately caused by the acts, omissions, or fault of persons or entities over which Wilshire exercised no control and for whose acts, omissions, or fault Wilshire cannot be held liable. Recovery against Wilshire, if any, must be reduced or precluded entirely by such activities of such other parties, persons, entities, or corporations.

## TENTH DEFENSE

## FAILURE TO MITIGATE

Plaintiff's claims are barred to the extent Plaintiff has acted unreasonably in failing to mitigate alleged damages, if any, against Wilshire, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been mitigated by reasonable effort.

## ELEVENTH DEFENSE

## JUSTIFICATION

Plaintiff's claims are barred because Wilshire's actions were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, and with the absence of malicious intent to injure Plaintiff, and constituted lawful, proper, and justified activities.

ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 600
SAN DIEGO, CA 92130

**TWELFTH DEFENSE**

**WAIVER/ESTOPPEL**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, to the extent Plaintiff and any putative class members acquiesced in, consented to, or ratified the conduct of which it complains.

**THIRTEENTH DEFENSE**

**UNCLEAN HANDS**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTEENTH DEFENSE**

**LACHES**

Plaintiff's claims are barred by the doctrine of laches.

**FIFTEENTH DEFENSE**

**ATTORNEYS' FEES**

Plaintiff's claims do not support the award of attorneys' fees incurred by Plaintiff in the litigation of this action.

**SIXTEENTH DEFENSE**

**RESERVATION OF RIGHT TO AMEND**

Wilshire expressly reserves the right to amend this answer to assert additional affirmative and other defenses as more facts come to light.

**PRAYER FOR RELIEF**

**WHEREFORE**, Wilshire respectfully requests that the Court enter an order:

1.    dismissing with prejudice the Complaint against it;

2.    awarding it its costs and expenses incurred; and

3.    awarding it such other and/or further relief as the Court may deem just and proper.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

1

Dated:  January 24, 2025

TROUTMAN PEPPER LOCKE LLP

2

3

By: */s/ Jessamyn E. Vedro*

4

Chad R. Fuller

5

Jessamyn E. Vedro

Christine Nowland

6

Attorneys for Defendant

WILSHIRE LAW FIRM, P.L.C.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

ANSWER TO PLAINTIFF'S COMPLAINT

1
2
## CERTIFICATE OF SERVICE
3
        I hereby certify that on January 24, 2025, a copy of the foregoing
4
**DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S ANSWER TO PLAINTIFF'S**
5
**COMPLAINT** was filed electronically. Notice of this filing will be sent by e-mail to
6
all parties by operation of the court's electronic filing system or by mail to anyone
7
unable to accept electronic filing as indicated on the Notice of Electronic Filing.
8
Parties may access this filing through the court's CM/ECF system.
9
10
11                                                            */s/ Jessamyn E. Vedro*
                                                              Jessamyn E. Vedro
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

ANSWER TO PLAINTIFF'S COMPLAINT