dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE LAW FIRM, P.L.C.<br><br>Defendant. | Case No. 2:24-cv-08816-CV-MAR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

1.    <u>Date the Case was Filed</u>

October 12, 2024

- 1 -

JOINT RULE CASE MANAGEMENT REPORT

*Ryan v. Wilshire Law Firm*

2.    A list identifying or describing each party

Paul Ryan – Plaintiff

Other Class Members – Putative Plaintiffs

Wilshire Law Firm, P.L.C. – Defendant


3.    A brief summary of all claims, counter-claims, cross-claims, or third-party claims

     Plaintiff's statement:

     Plaintiff alleges that Wilshire Law Firm, P.L.C. ("Wilshire" or "Defendant") made numerous pre-recorded calls to his cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own, and including after the Plaintiff had requested that they stop. Due to the *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Wilshire (or an agent acting on behalf of Wilshire) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

The Plaintiff received at least 100 prerecorded calls that were directly from the Defendant, expressly naming Wilshire and seeking to encourage the Plaintiff to hire Wilshire to bring a lawsuit. As support of his contentions, the Plaintiff has alleged the dates and times of the calls, their content, and the caller IDs.

     Defendant's statement:

     Plaintiff brings a single cause of action in his individual capacity and on behalf of a putative "Robocall Class," alleging Wilshire violated the TCPA an

JOINT RULE CASE MANAGEMENT REPORT

*Ryan v. Wilshire Law Firm*

undetermined number of times by sending prerecorded messages to Plaintiff and the putative class members' cellular telephone numbers.

4.    <u>A brief description of the events underlying the action</u>

<u>Plaintiff's statement:</u>

The Plaintiff received at least 100 calls from the Defendant in violation of the TCPA. These calls violated the TCPA because they were prerecorded messages sent to the Plaintiff's cell phone number. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA makes it unlawful to send prerecorded messages to cell phones without the prior express written consent of the recipient, which such consent may be revoked at any time and by any reasonable means. And though the Plaintiff denies having consented as an initial matter, which is the Defendant's burden to prove, the Plaintiff also alleges that he asked that the calls stop, but that they did not.

<u>Defendant's statement:</u>

Plaintiff visited Wilshire's website seeking assistance with a prospective legal case. Plaintiff provided his phone number via prior express written consent asking Wilshire to contact him regarding his potential lawsuit.

5.    <u>A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed</u>

The TCPA provides for statutory damages of at least $500 per violation, which can be up to trebled if the Court finds that the violation is knowing and/or willful. 47 U.S.C. § 227(b)(5)(B). As such, the Plaintiff seeks for himself and the putative class the maximum permissible statutory damages under the TCPA. The TCPA also provides for injunctive relief, which the Plaintiff also seeks. The total amount of

- 3 -

damages will depend on the number of calls the Defendant sent to the Plaintiff and each potential class member in violation of the TCPA.

Wilshire contends that Plaintiff is not entitled to TCPA damages or any other relief.

6.     The status of discovery, including any significant discovery management issues, as well the applicable cut-off dates:

The Parties are just beginning and are in the early phases of discovery. Wilshire intends to move for bifurcation on the basis that Plaintiff-specific facts sufficiently narrow the dispositive issue before the Court so as to demonstrate that there is no need for class discovery, certification, or trial.

The Parties will jointly propose a discovery cut off date after the Court enters a scheduling order.

7.     A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded:

Plaintiff filed the Complaint on October 12, 2024. Wilshire filed an Answer on January 24, 2025. The Parties have not yet engaged in formal or informal settlement discussions.

Wilshire believes early mediation could significantly help resolve this case in the early stages and before too much time is spent in lengthy discovery

- 4 -

Joint Rule Case Management Report

*Ryan v. Wilshire Law Firm*

8.     <u>A description of any other deadlines in place; before reassignment:</u>
None.


9.     <u>Whether the parties will consent to a magistrate judge for trial:</u>
The parties respectfully do not consent to a magistrate judge for trial.


10.     <u>A statement from each party's counsel indicating they have (1) discussed the
magistrate judge consent program with their respective client(s), and (2) met and
conferred to discuss the consent program and selection of a magistrate judge:</u>
Counsel for Plaintiff has discussed the magistrate judge consent program with their
respective clients and met and conferred with defendant's counsel to discuss the
consent program and selection of a magistrate judge.


Counsel for Wilshire has discussed the magistrate judge consent program with their
client and met and conferred with Plaintiff's counsel to discuss the consent program
and selection of a magistrate judge.

11.     <u>Whether there is an immediate need for a scheduling conference and, if so,
why the parties believe such a need exists:</u>
There is a need for the Court to issue a scheduling order, as one has not yet been
issued in this case, but the parties do not believe that a Rule 16 Scheduling
conference is required at this time. As such, the Parties respectfully request that the
Court issue a scheduling order without a conference.

Respectfully submitted,

- 5 -

Dated: February 12, 2025         PERRONG LAW LLC

By: */s/Andrew R. Perrong*

Andrew R. Perrong

Attorney for Plaintiff
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com
215-225-5529


Troutman Pepper Locke LLP
By: /s/ *Chad Fuller*
Chad Fuller
Virginia Flynn (pro hac vice)
Christine Nowland
Attorneys for Defendant Wilshire Law Firm P.L.C.


## ATTESTATION OF SIGNATURE

Pursuant to Central District Electronic Local L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for Defendant, and I obtained his authorization to affix their electronic signatures to this document.

*/s/ Andrew R. Perrong*
Andrew R. Perrong

- 6 -