dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE LAW FIRM, P.L.C.<br><br>Defendant. | Case No. 2:24-cv-08816-CV-MAR<br><br>**JOINT 26(F) REPORT**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Paul Ryan ("Plaintiff") and Defendant Wilshire Law Firm, P.L.C. ("Defendant") (collectively, the "Parties"), by their respective attorneys, submit the following:

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Parties conferred by telephone on February 12, 2025. The Parties have agreed that

- 1 -
JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

they will continue conferring on discovery issues. The Parties jointly submit this report setting forth the agreements reached during the Rule 26(f) conference, in accordance with Rule 26(f) and Local Rule ("LR") 26-1.

1. Statement of the Case

**Plaintiff's Statement**:

The Plaintiff received at least 100 calls from the Defendant in violation of the TCPA. These calls violated the TCPA because they were prerecorded messages sent to the Plaintiff's cell phone number. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA makes it unlawful to send prerecorded messages to cell phones without the prior express written consent of the recipient, which such consent may be revoked at any time and by any reasonable means. And though the Plaintiff denies having consented as an initial matter, which is the Defendant's burden to prove, the Plaintiff also alleges that he asked that the calls stop, but that they did not.

Plaintiff alleges that Wilshire Law Firm, P.L.C. ("Wilshire" or "Defendant") made numerous pre-recorded calls to his cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own, and including after the Plaintiff had requested that they stop. Due to the *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Wilshire (or an agent acting on behalf of Wilshire) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

The Plaintiff received at least 100 prerecorded calls that were directly from the Defendant, expressly naming Wilshire and seeking to encourage the Plaintiff to hire

- 2 -

JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

Wilshire to bring a lawsuit. As support of his contentions, the Plaintiff has alleged the dates and times of the calls, their content, and the caller IDs.

**Defendant's Statement**:

Plaintiff is suing over telephone calls he asked to receive. Plaintiff visited the Defendant's website seeking assistance with a prospective legal case and affirmatively provided his phone number on the website intake form. He asked Defendant to contact him regarding his potential lawsuit.

Plaintiff seeks to represent a class of persons under the Telephone Consumer Protection Act ("TCPA") because Defendant allegedly made prerecorded telephone calls to his (and other consumers') cellular telephone without prior express written consent. Defendant can prove that Plaintiff provided prior express written consent and is not a proper class representative for that and other reasons. Plaintiff also will be unable to establish the necessary Rule 23 elements required to certify his class.

2.  Subject Matter Jurisdiction:

Plaintiff asserts a claim against Wilshire Law under the TCPA, which is a federal statute. Under 28 U.S.C. § 1331, he therefore has properly invoked this Court's subject matter jurisdiction over a federal question. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012).

Defendant does not yet know whether Plaintiff will be able to prove Article III injury-in-fact and reserves the right to object to subject matter jurisdiction.

3.  Legal Issues:

The Parties identify the following legal issues underlying the claims and defenses asserted in this action:

- Whether Plaintiff can prove that received prerecorded telephone calls from Defendant;

JOINT RULE 26(F) REPORT

- 3 -

*Ryan v. Wilshire Law Firm*

*308762762v2*

- Whether those telephone calls are telemarketing in nature;
- Whether Defendant can prove that Plaintiff provided consent;
- Whether Plaintiff can meet the requirements of Fed. R. Civ. Pro. 23 such that this case can be certified as a class action;

4. <u>Parties, Evidence, etc.:</u>

Parties/Witnesses:

- Paul Ryan, Plaintiff
- Wilshire Law Firm, P.L.C., Defendant
- Onvoy and other downstream telephone providers, who service the telephone numbers at issue – information relating to the calls at issue, calling records, and information on subscribers of record
- T-Mobile, who services the Plaintiff's telephone number – information relating to the calls at issue, calling records, and information on subscribers of record
- Any other witnesses identified during discovery.

5. <u>Damages:</u>

The TCPA provides for statutory damages of at least $500 per violation, which can be up to trebled if the Court finds that the violation is knowing and/or willful. 47 U.S.C. § 227(b)(5)(B). As such, the Plaintiff seeks for himself and the class the maximum permissible statutory damages under the TCPA. The TCPA also provides for injunctive relief, which the Plaintiff also seeks. The total amount of damages will depend on the number of calls the Defendant sent to the Plaintiff and each class member in violation of the TCPA.

Defendant denies that Plaintiff is entitled to damages under the TCPA or otherwise.

- 4 -

JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

6. <u>Insurance:</u>

Not applicable to Plaintiff. Wilshire will assess if its umbrella policy is relevant to the conduct alleged in this matter and will provide a copy of the same to Plaintiff if it determines the policy is relevant.

7. <u>Motion Schedule:</u>

The Plaintiff will file a motion for class certification after he has received sufficient information regarding Defendant's calling conduct. The Plaintiff does not intend to file any dispositive motions at this juncture.

Wilshire intends to move for bifurcation on the basis that Plaintiff-specific facts sufficiently narrow the dispositive issue before the Court so as to demonstrate that there is no need for class discovery, certification, or trial.

The Defendant will likely file a motion for summary judgement in accordance with FRCP 56.

8. <u>Manual for Complex Litigation:</u>

Plaintiff's position is that the procedures of the Manual for Complex Litigation should be utilized for this case.

Because Defendant does not believe that this case is complex, following the guidance proscribed in the Manual for Complex Litigation is unnecessary here.

9. <u>Status of Discovery:</u>

Discovery has commenced and is in the early stages. Plaintiff states that discovery may be delayed because tracing the source of the calls requires the service of subpoenas to multiple third-party telephone vendors and potential resellers and tracing the calls up the chain of the telephone system, including as to a discrepancy as to the number of the calls placed to the Plaintiff. Plaintiff is endeavoring to trace the source of the calls expeditiously.

Defendant believes that discovery should be conducted in phases, starting with discovery on behalf of Paul Ryan in his individual capacity, to spare the time and expense of conducting costly class discovery.

10. <u>Rule 26(f) Topics:</u>

The FRCP 26(f) conference took place on February 12, 2025. Plaintiff was represented Andrew Perrong of Perrong Law, LLC. Defendant was represented by Chad R. Fuller, Virginia Bell Flynn, and Christine Nowland of Troutman Pepper Locke, LLP.

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

    a. <u>Changes to Rule 26(a) Requirements:</u> The parties do not believe that applicable limitations should be changed or other limitations imposed, or that the Court should enter other orders.

    b. <u>Alternative Dispute Resolution</u>: See Paragraph 14, *infra*.

    c. <u>Anticipated Discovery Sought:</u> The Plaintiff will seek discovery on the following subjects: (1) Defendant's calling data regarding Plaintiff and the proposed class; (2) Defendant's policies and procedures regarding compliance with the TCPA, including honoring opt-out requests; (3) Defendant's negligence or willfulness regarding any TCPA violations. Defendant intends to seek discovery regarding Paul Ryan's communication and contact with it and the consent he provided, as well as third-party discovery regarding vendor conduct.

- 6 -

JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

  d. <u>Phasing of Motions</u>: See Paragraph 7, *supra*.

  e. <u>Preservation of Discoverable Information</u>: Both Parties have been advised to preserve discoverable information in their possession, custody, or control.

  f. <u>Privilege Issues</u>: None at this time, although it is important to note that the Defendant is a law firm, which could pose issues down the road with potential class members.

11. <u>Discovery Cut-off</u>:

The Parties will jointly propose a discovery cut off date after the Court enters a scheduling order.

12. <u>Expert Discovery</u>:

**Plaintiff's Proposed Deadlines:**

- Plaintiff's expert disclosure Deadline: 6/11/2026
- Defendant's expert disclosure Deadline: 6/11/2026
- Rebuttal expert disclosure Deadline: 6/26/2026
- Expert discovery deadline: 7/9/2026

**Defendant's Proposed Deadlines:**

- Plaintiff/Defendant's expert disclosure deadline: August 1, 2025
- Plaintiff/Defendant's rebuttal expert disclosure deadline: August 15, 2025
- Plaintiff/Defendant's expert report deadline: August 22, 2025
- Expert discovery deadline: September 5, 2025

13. <u>Settlement/Alternative Dispute Resolution (ADR)</u>:

- 7 -

JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

The parties do not request an early settlement conference. A Notice to Parties of Court Directed ADR Program (Form ADR08) has been filed in this matter. The parties certify that they have considered the potential benefits of settling the case before undertaking significant discovery or motion practice, and Plaintiff's position is that at this time, settlement is unlikely. Plaintiff's position is that mediation should occur in the summertime, after some initial discovery has been conducted.

Defendant believes early mediation could significantly help resolve this case in the early stages and before too much time is spent in lengthy discovery.

14. <u>Trial Estimate:</u>

The parties agree that 5 days is sufficient. Each party believes it will call 3-5 witnesses. Plaintiff submits that the TCPA class action trial alleging similar violations that he has been a part of took 5 days to complete.

15. <u>Trial Counsel:</u>

Andrew Perrong for the Plaintiff.

Chad Fuller and Virginia Flynn, *pro hac vice*, for Wilshire.

16. <u>Independent Expert or Master:</u>

The Court should not consider appointing a master pursuant to Rule 53 or an independent scientific expert.

17. <u>Additional Parties:</u>

Defendant reserves the right to join additional parties as discovery unfolds.

18. <u>Other Issues / Class Action</u>

Plaintiff wishes to point out that this is a class action and that they are desirous of the Court setting a deadline for class certification in summer 2026.

Defendant believes class certification deadlines should be set for January 2026.

- 8 -

JOINT RULE 26(F) REPORT

*Ryan v. Wilshire Law Firm*

*308762762v2*

Respectfully submitted,

Dated: February 26, 2025     PERRONG LAW LLC

By: */s/Andrew R. Perrong*

Andrew R. Perrong

Attorney for Plaintiff
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com
215-225-5529

Troutman Pepper Locke LLP
By: /s/ *Chad Fuller*
Chad Fuller
Virginia Flynn (pro hac vice)
Christine Nowland
Attorneys for Defendant Wilshire Law Firm P.L.C.

## ATTESTATION OF SIGNATURE

Pursuant to Central District Electronic Local L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for Defendant, and I obtained his authorization to affix their electronic signatures to this document.

*/s/ Andrew R. Perrong*
Andrew R. Perrong