TROUTMAN PEPPER LOCKE LLP
Chad Fuller (SBN 190830)
chad.fuller@troutman.com
Christine Nowland (SBN 318900)
christine.nowland@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858.509.6000
Facsimile: 858.509.6040

TROUTMAN PEPPER LOCKE LLP
Jessamyn E. Vedro (SBN 280209)
jessamyn.vedro@troutman.com
Virginia Flynn (pro hac vice)
virginia.flynn@troutman.com
350 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

Attorneys for Defendant
WILSHIRE LAW FIRM, P.L.C.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL RYAN individually and on behalf of all other similarly situated, | Case No. 2:24-cv-08816-CV-MAR |
| Plaintiff, | **DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT PURSUANT TO LR 37-2** |
| vs. | |
| WILSHIRE LAW FIRM. P.L.C., | |
| Defendant. | Date: June 11, 2025 |

## I. INTRODUCTION

Discovery issues in this case are particularly sensitive because the conduct at issue is alleged communication between a law firm and its prospective clients. Plaintiff Paul Ryan's ("Plaintiff") motion to compel seeks to unreasonably expand the scope of discovery to obtain information that is not at issue due to the parameters of Plaintiff's own complaint and is protected by the attorney/client privilege. After Defendant Wilshire Law Firm P.L.C. ("Wilshire") produced documents responsive to the discovery request at issue (Request for Production of Documents ("RFPs") No. 17), the parties met and conferred regarding the alleged deficiencies. Wilshire agreed to produce additional information in response to RFP 17 – call records that fall within the class definition in the Complaint under a mediation privilege, and Plaintiff's counsel agreed. Now, Plaintiff has decided the additional proffered documents are not enough and seeks to compel Wilshire to produce *all outbound calling records* for calls made by Wilshire and *any* of its vendors to *any* prospective client *unlimited in time or scope*, and despite Wilshire's representations that this irrelevant material will contain privileged attorney/client communications. The discovery Plaintiff seeks is not proper, and Plaintiff's motion to compel should be denied.

## II. FACTUAL BACKGROUND

Plaintiff's class action complaint alleges Wilshire sent prerecorded messages to Plaintiff Paul Ryan after he revoked his consent to be contacted, in violation of the TCPA. Compl. ¶ 14-26. Plaintiff's putative class is limited to "[a]ll persons within the United States: (1) to whose cellular telephone number (2) Wilshire (or an agent acting on behalf of Wilshire) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message." Compl. ¶ 27. Plaintiff has not certified its class.

RFP 17 requests the following information for every outbound telemarketing call made by Wilshire or any of its vendors: the date and time, the caller ID, any recorded message used, "the result," identifying information for the recipient, and

1  "any other information stored by the call detail records. On April 16, 2025, Wilshire
2  timely served responses to Plaintiff's RFPs. In response to RFP 17, Wilshire asserted
3  objections but produced a list containing the date and time, the number called, and the
4  caller ID of every prerecorded message Wilshire sent to Plaintiff during the applicable
5  time period. On April 30, 2025, counsel met and conferred. Wilshire agreed to
6  produce call data for all putative class members subject to a mediation privilege for
7  purposes of mediation. Plaintiff's counsel agreed. In subsequent emails between
8  counsel, it became clear that Plaintiff's and Wilshire's counsel could not agree as to
9  which consumers fall within the putative class, and Plaintiff's counsel demanded a
10 response to RFP 17 that is unlimited in time and scope and includes consumers outside
11 the class definition.

## III.   ARGUMENT

### a. Wilshire Already Provided Responsive Documents and Has Offered to Produce Additional Documents.

Wilshire timely responded to Plaintiff's Request and provided a list of all prerecorded message call records (including the date and time and caller ID) sent to Paul Ryan by its vendors during the class period. During counsel's meet and confer, Wilshire agreed to identify which calls were sent via each of Wilshire's two vendors. While Wilshire objects to the Request to the extent it seeks information well beyond the class defined by the Complaint, Wilshire also agreed to produce call records including the date and time, number called, caller ID, and vendor for all putative class members. As explained below, Wilshire cannot produce the recorded message used or "the result" of the call as that is subject to the attorney/client privilege. To the extent any substantive messages are not privileged, identifying those messages would require the manual review of hundreds of thousands if not millions of call records and would unfairly burden Wilshire if the Request is not limited in scope. Wilshire should not be compelled to produce call data for all telemarketing calls ever made when

1  Wilshire has agreed to produce call data that is responsive to the actual allegations in
2  dispute in this case.

### b. There is No Reasonable Basis to Demand More Documents than Wilshire has Agreed to Produce

#### i. Plaintiff impermissibly seeks documents unrelated to the allegations in the Complaint.

Plaintiff's request is overbroad on its face and would not lead to admissible evidence. RFP 17 calls for all outbound calling records for calls made by Wilshire and any of its vendors to any prospective client unlimited in time or scope. The overwhelming majority of these calls are not at issue due to the parameters of Plaintiff's own complaint and are therefore not relevant to this case. As Plaintiff admits in its motion, the only calls at issue are those that Wilshire made (1) within the last four years, (2) to a cell phone, (3) using an artificial or prerecorded voice, and (4) without the recipient's prior express consent. Compl. ¶ 27. Moreover, the purported class representative, Paul Ryan, asserts that he revoked his consent and continued to receive calls. Compl. ¶ 18. Thus, it is Wilshire's position that the purported class is a "revocation class" and can only include consumers similarly situated to Ryan, who revoked their consent and continued to receive calls. On its face, Plaintiff's request, which seeks all telemarketing calls made by Wilshire or any of its vendors irrespective of time, type of phone, type of call, or consent or revocation status, is patently over-broad. Plaintiff does not require Wilshire's entire call history (including the substantive messages exchanged) to establish its Rule 23 requirements for a putative class that is narrow in scope per the parameters of Plaintiff's own complaint.

Further, the cases Plaintiff cites from other jurisdictions have no bearing on the appropriateness of the specific discovery request at issue here. The quotes Plaintiff cherry picks provide no information on the parameters of the putative classes at issue or the specificity of the discovery requests. In fact, the quote from *Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014)

1  makes clear that the class at issue in that case included calls made to numbers on the
2  National Do Not Call Registry and calls made using an automatic telephone dialing
3  system, which encompass a much broader range of telemarketing calls than the
4  prerecorded messages class at issue here. Plaintiff does not, and cannot, provide a
5  basis for demanding all of Wilshire's call records when only a very narrow subset of
6  those calls fall within the purported class, which Plaintiff has not yet certified.

### ii. Plaintiff seeks documents protected by the attorney/client privilege which Wilshire cannot be compelled to produce.

Even if the Court determines that the information sought is relevant, much of the information sought is subject to the attorney-client privilege. Plaintiff accordingly cannot compel Wilshire to produce privileged documents related to this Request. RFP 17 seeks not just call data such as date, time, and type of call, it requests the recorded message itself, identifying information of the recipient, "the result," and "any other information stored by the call detail records." These records will include the substantive messages sent to and received by Wilshire from current and prospective clients through Wilshire's vendors' platforms. These communications are textbook examples of privileged communications, as they are made in confidence for the purpose of securing legal advice from Wilshire. *See ChevronTexaco Corp*., 241 F. Supp. 2d at 1069. Many of these communications also likely contain sensitive medical information provided to Wilshire by its prospective and current clients about those clients' potential personal injury cases. While privileged information sought in discovery is normally redacted and set forth in a privilege log, a privilege log is not feasible here, where Wilshire would have to manually review hundreds of thousands, if not millions of call logs for privileged information to respond to RFP 17 as written. Such an exercise would place an unfair burden on Wilshire, where Wilshire has established that the Request is overbroad and seeks completely irrelevant information.

Accordingly, Plaintiff's motion to compel should also be denied because it is overly burdensome and unlikely to lead to the discovery of non-privileged, probative and admissible evidence.

**IV. CONCLUSION**

For the foregoing reasons, Wilshire respectfully requests that the Court DENY Plaintiff's Motion to Compel.

Dated: May 21, 2025

TROUTMAN PEPPER LOCKE LLP

By: */s/ Chad Fuller*
    Chad Fuller
    Virginia B. Flynn
    Christine Nowland
    Attorneys for Defendant
    WILSHIRE LAW FIRM, P.L.C.

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, a copy of the foregoing **DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT PURSUANT TO LR 37-2** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Chad Fuller*
Chad Fuller