UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08816-CV-MAR                                                    Date:  June 10, 2025

Title:  _Paul Ryan v. Wilshire Law Firm, P.L.C._

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE: MOTION TO COMPEL, DKT. 33**

## I.
## BACKGROUND

Plaintiff Paul Ryan ("Plaintiff") brought this putative class action against Wilshire Law Firm, P.L.C. ("Defendant"), alleging that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA") by making several prerecorded telemarketing calls to Plaintiff's cell phone without consent.  ECF Docket No. ("Dkt.") 1.

The instant discovery dispute revolves around Plaintiff's Request for Production ("RFP") No. 17, which seeks call records from Defendant.  Dkt. 33-1 ("Joint Stip.") at 4–5.  Plaintiff served his discovery requests on February 13, 2025, and after Defendant responded, the parties attempted to meet and confer regarding the alleged deficiencies with Defendant's production.  Id. at 2.  The parties were ultimately unable to reach an agreement on the appropriate scope of RFP No. 17.

On May 16, 2025, Plaintiff filed the instant motion to compel.  Dkt. 33.  Defendant filed a supplemental opposition on May 21, 2025.  Dkt. 35 ("Opp.").  The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, the motion is **GRANTED in part and DENIED in part**.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08816-CV-MAR                                          Date:  June 10, 2025

Title:    _Paul Ryan v. Wilshire Law Firm, P.L.C._

## II.
## GENERAL STANDARD

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  In other words,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08816-CV-MAR                                                             Date:  June 10, 2025

Title:    *Paul Ryan v. Wilshire Law Firm, P.L.C.*

the moving party bears the burden of demonstrating the sought discovery is relevant.  Cabrales v. Aerotek, Inc., No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *3 (C.D. Cal. May 8, 2018).

In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).  However, ultimately, "[i]t has long been settled in this circuit that the party resisting discovery bears the burden of showing why discovery should not be allowed." United States ex rel. Poehling v. UnitedHealth Grp., Inc., No. CV 16-8697 MWF (SSX), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")).

## III.
## DISCUSSION

### A.    RFP NO. 17 IS OVERBROAD

RFP No. 17 seeks:

all documents containing any of the following information for each outbound telemarketing call sent by you or your vendor, including those made to the Plaintiff:
    a) the date and time;
    b) the caller ID;
    c) any recorded message used;
    d) the result;
    e) identifying information for the recipient; and any other information stored by the call detail records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:24-cv-08816-CV-MAR | Date:  June 10, 2025 |
| Title:  *Paul Ryan v. Wilshire Law Firm, P.L.C.* | |

Dkt. 33-2 ("Ex. 1").

Defendant purported to initially provide the requested information as it pertained to Plaintiff, but otherwise objected to the request as overbroad to the extent it seeks information about individuals who would not even be a part of the putative class, without limitation as to time or scope.  Joint Stip. at 8–10.  Plaintiff argues that Defendant did not provide a complete list of calls they made to Plaintiff, citing to information they received from a third party that shows many more calls than are reflected in Defendant's production.  Id. at 8.  Plaintiff also argues that information about all prerecorded calls that Defendant made to any individual would be relevant to the claims in the Complaint as well as the forthcoming motion for class certification.  Id. at 5–8.

During meeting and conferring, Defendant apparently agreed to provide "a list of all prerecorded messages sent to [Plaintiff] by its vendors," "identify which calls were sent via which vendor," and "call records including the date and time, number called, caller ID, and vendor for all putative class members."  Opp. at 3–4.  In subsequent communications, it apparently became clear that the parties disagreed about the scope of the putative class.  Specifically, Defendant argues that the class must be limited to individuals who have explicitly revoked consent for the calls, given that Plaintiff alleges the same for himself in his Complaint.  Id. at 4–5.

The Court is reluctant to issue a ruling that would have the effect of narrowing the putative class, particularly where the district judge has not even had a chance to hear Plaintiff's forthcoming motion for class certification.  Yet, the Court acknowledges that at least some of this information sought by RFP No. 17 would be critical for Plaintiff to be able to bring the motion in the first place—a fact that Defendant does not appear to dispute.  The Court finds that the most prudent and fair approach is to limit the scope of the request to the definition of the class that Plaintiff has defined in the Complaint: "[a]ll persons within the United States: (1) to whose cellular telephone number (2) [Defendant] (or an agent acting on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-08816-CV-MAR                                                Date:  June 10, 2025

Title:   *Paul Ryan v. Wilshire Law Firm, P.L.C.*

[Defendant]) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message." Compl. ¶ 27. In coming to this conclusion, the Court notes that Defendant has not moved to dismiss or strike any portion of the Complaint, and that any other argument that would alter Plaintiff's proposed class would be better resolved in the forthcoming motion for class certification.

The Court notes that the definition of the putative class in the Complaint does not limit the class to only those who have explicitly revoked previous consent. While Defendant would argue that Plaintiff's allegations about his own circumstances imply that any putative class must include such a limitation, the Court finds this position is undercut by the fact that, at other points in the briefing, Defendant takes the position that the RFP No. 17 should be limited to the definition of the class provided in the Complaint. If the Court should apply this rule when it favors Defendant's position, it is only fair that the Court also apply this rule when it favors Plaintiff's. The Court also notes that other courts have similarly evaluated discovery requests based on the proposed class definition in the complaint to avoid "litigat[ing] the Rule 23 class certification prematurely." See Doherty v. Comenity Cap. Bank & Comenity Bank, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (rejecting defendant's argument that motion to compel should be denied because plaintiffs' status as noncardholders rendered their claims atypical, and instead turning "to the proposed class definition, which does not distinguish between call recipients who are cardholders and noncardholders, to assess the relevancy of Plaintiffs' requests.").

Defendant also argues that the request seeks privileged information. Opp. at 5–6. Defendant appears to primarily take issue with the portion of the request that seeks "the result" of the call and "any other information stored by the call detail records," which may include "substantive messages sent to and received by [Defendant] from current and prospective clients through [Defendant]'s vendors' platforms." Id. Plaintiff does not provide any argument on why the "result" of the call or substantive information about non-prerecorded calls would be necessary for their claims or motion for class certification. Indeed, all of the cases that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-08816-CV-MAR                                          Date:  June 10, 2025

Title:   *Paul Ryan v. Wilshire Law Firm, P.L.C.*

cites appear to deal with simple lists of call logs, names, and numbers.  See <u>Cahill v. GC Servs. Ltd. P'ship</u>, No. 3:17-CV-01308-GPC-MDD, 2018 WL 1791910 , at *4 (S.D. Cal. Apr. 16, 2018) (rejecting defendant's argument that "call lists" were irrelevant to TCPA claim); <u>Mbazomo v. ETourandTravel, Inc.</u>, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (finding "call lists" and "dialing lists" were relevant to class certification inquiry in TCPA case); <u>Thomas v. Fin. Corp. of Am.</u>, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (granting plaintiff's motion to compel responses to requests seeking "call lists or call data"); <u>Doherty</u>, 2017 WL 1885677, at *4 (granting motion to compel production of "outbound dial lists").

Additionally, the Court notes that the parties have not provided the Court with any records of their meet and confer discussions—e.g., meet and confer letters, email correspondence, or even declarations from counsel describing what was discussed.  However, from what the Court can gather from the parties' general descriptions, it appears that, before it became clear that the parties disagreed as to the scope of the putative class, Plaintiff may have tentatively agreed to Defendant's proposal to produce call records including "the date and time, number called, caller ID, and vendor" for all putative class members.  Opp. at 3.  Ultimately, because Plaintiff has not explained the potential relevance for the "result" or other substantive information about these calls, and because Plaintiff appeared to agree to narrow the scope of their request to only seek dates, times, numbers, caller ID, and vendors, the Court will limit the scope of RFP No. 17 accordingly.

Indeed, Defendant does not argue that this basic information implicates any privilege.  The Court will also order Defendant to produce any prerecorded messages used, since it appears that Defendant was agreeable to this and it is not clear how prerecorded messages could implicate the attorney-client privilege as to any specific call recipient.  Finally, to the extent that there are any lingering privacy concerns, the Court notes that there is a protective order in place in this action, which no party argues is insufficient to protect confidential, nonprivileged information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-08816-CV-MAR                                           Date:  June 10, 2025

Title:     <u>Paul Ryan v. Wilshire Law Firm, P.L.C.</u>

Finally, the Court notes that Plaintiff has produced some evidence that Defendant's production may have been incomplete with respect to information about the calls that Defendant made to Plaintiff, specifically.  Defendant does not address this issue in their briefing, and therefore the Court assumes that they either have already agreed or do not object to providing supplemental production or certifying that there are no further responsive documents with respect to Plaintiff.  This supplemental production should be considered to be included in the Court's order, below.

### D.   COSTS AND FEES

Under Rule 37(a)(5)(C), if a discovery motion "is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. of Civ. P. 37(a)(5)(C).  Here, the Court notes that neither party requests costs in the joint stipulation.  In any case, Plaintiff's motion to compel was granted in part, which demonstrates, to an extent, that both parties had justifiable arguments.  Furthermore, since the Court ruled almost equally in favor of both parties, the Court finds that both parties' positions were reasonable and their arguments worthwhile.  Accordingly, the Court declines to apportion costs and fees.

### III.
### ORDER

**IT IS THEREFORE ORDERED** that:

1) Plaintiff's motion is **GRANTED in part and DENIED in part;**.
2) **within fourteen days of this order**, Defendant shall produce call records for all putative class members as defined in paragraph 27 of the Complaint, including any supplemental records with respect to Plaintiff,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-08816-CV-MAR                                                      Date:  June 10, 2025

Title:   Paul Ryan v. Wilshire Law Firm, P.L.C.

specifically.  These records shall include "the date and time, number called, caller ID, and vendor" as well as any prerecorded messages used; and

3) the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

:
**Initials of Preparer**    vv